# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

DANIEL L. BARNES, III,

    Petitioner,

v.

MARK HOOKS, WARDEN,
ROSS CORRECTIONAL INST.,

    Respondent.

CASE NO. 2:18-cv-948
JUDGE MICHAEL H. WATSON
MAGISTRATE JUDGE MICHAEL R. MERZ

## OPINION AND ORDER

On February 6, 2019, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. ECF 18. Petitioner has filed an Objection to the Magistrate Judge's R&R. ECF 23. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection, ECF 23, is **OVERRULED**. The R&R, ECF 18, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his convictions after a jury trial in the Muskingum County Court of Common Pleas on charges of aggravated robbery, felonious assault, and having weapons while under disability, with firearm specifications. He asserts that he was denied the effective assistance of counsel (claim one); that he was denied a fair trial because the trial court improperly responded to a

question from the jury during deliberations without his presence (claim two); and that he was denied due process based on false statements made by the trial court at sentencing (claim three). The Magistrate Judge recommended dismissal of Petitioner's claims on the merits.

Petitioner objects to those recommendations. He states that he had no intent to abandon any of his claims of the denial of the effective assistance of trial counsel and raises all of the same issues that he presented in the Ohio Court of Appeals, although he makes no further argument regarding those claims here. He asserts that the state appellate court improperly applied *Strickland v. Washington*, 466 U.S. 668 (1984), in rejecting his claim that his attorney improperly waived his right to be present during the trial court's response to a question from the jury during deliberations. He maintains that, had defense counsel conducted proper investigation, counsel would have cross-examined George Guy in order to establish that the events charged took place at 1 a.m., and not at 11 p.m.. Petitioner also generally argues that defense counsel's failure to object to purported hearsay statements denied him a fair trial. He objects to the application United States Supreme Court precedent not addressed by the state appellate court in the rejection of his claim that he unconstitutionally was denied his right to be present and argues that his attorney should have asked for the tape to be transcribed and provided to the jury, or that the tape be played for the jury, rather than agree to the trial court's instruction that the jury must rely upon its collective memory. Finally, Petitioner objects to the

recommended dismissal of his claim of judicial bias based on a statement made by the trial court at sentencing falsely indicating that Petitioner had been convicted as a juvenile of a felonious assault in the shooting of Deon Draughn, referring to the Affidavit of Deon Draughn, ECF 6-1, PAGEID # 572.[1]

Petitioner's arguments are not well taken. As discussed by the state appellate court, the record does not indicate that Petitioner can establish the denial of the effective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), based on his attorney's performance during trial. "[T]he *Strickland* standard must be applied with scrupulous care, lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Strickland*, 466 U.S. at 689–690). Further, he plainly has failed to establish that relief is warranted under the standards set forth by the Antiterrorism and Effective Death Penalty Act ("AEDPA"):

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.*, at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at 123, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at 123, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether

---

[1] Draughn indicated in an Affidavit that he appears to have signed on December 5, 2016, that Petitioner never shot him or shot at him and that he never had any conflict with the Petitioner. Affidavit of Deon Draughn, ECF No. 6-1, PAGEID # 572.

counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Id.*

Additionally, this Court must look to "clearly established federal law," specifically the holdings of the United States Supreme Court at the time of the decision of the state appellate court, in order to determine if Petitioner is entitled to relief. *See* 28 U.S.C. § 2254(d); *Carey v. Musladin*, 549 U.S. 70, 74 (2006). When so doing, and for the reasons that have already been well detailed, the record does not reflect that the state appellate court contravened or unreasonably applied federal law, or that its decision was based on an unreasonable determination of the facts in light of the evidence that was presented, such that relief is warranted. 28 U.S.C. § 2254(d). The record entirely fails to support Petitioner's claim of judicial bias.[2]

---

[2] Petitioner attached the Affidavit of Deon Draughn to his Reply in Response to State's Opposition to his November 1, 2016, Delayed Application to Reopen Appeal pursuant to Ohio Appellate Rule 26(B). ECF 6-1, PAGEID # 572. However, the record indicates that Petitioner filed that Reply on December 8, 2016, after the appellate court had already issued its December 5, 2016, Judgment Entry denying the Rule 26(B) application as untimely. ECF 6-1, PAGEID ## 562, 564. Thus, it does not appear that the state courts ever considered Draughn's Affidavit in connection with his claim of judicial bias. Under these circumstances, this Court also is precluded from consideration of that document here. *Cullen v. Pinholster*, 562 U.S. 170, 181 (2011) ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.") Nonetheless, even accepting as true Petitioner's allegation that the trial judge falsely stated, in reliance on information presented in a presentence investigation report, that Petitioner had a prior juvenile conviction involving the shooting of Draughn, it does not support Petitioner's claim of judicial bias.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, — –U.S. ——. ——, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**